And we'll turn to Humphrey v. Waterbury Police Department. And we'll hear from counsel for the appellant. Good afternoon, your honor. Noah Corey for Darnell Humphrey, plaintiff appellant. May it please the court. Darnell Humphrey received phone crushing to the face by a force and intentional obstruction of emotional distress and awarded damages that ignored the medical bills and which were insufficient for his injury. This appeal is about this failure to account for undisputed and uncontroverted medical bills and for the grossly inadequate damages that were contrary to the greater weight of the evidence. The heart of this appeal is the nexus between the facial injuries and the excessive force findings. The jury made factual findings and made them clearly. The findings established that Renato Crea used objectively unreasonable force and that Rivera witnessed it. The fact that only Rivera witnessed it establishes that the jury credited Rivera's testimony. He was the only person to put himself at the scene and he testified that he witnessed Humphrey on his back. Humphrey was not striking Crea and Crea struck Humphrey from an elevated position over Humphrey. This is the excessive force that caused Humphrey serious and life-altering injuries, two surgeries, permanent eye damage, neck and head pain, and severe emotional distress. I rely on the verdict interrogatories and the testimony of Rivera and Crea. The district court made findings that were not supported by the that it could have been the tackle and taunt that was the excessive force. I submit, Your Honor, this is erroneous because the tackle and taunt was not the source of Humphrey's injury. The facial injury was. There was no evidence that identified the tackle as the cause of injuries sustained by Humphrey. The district court speculated that maybe Humphrey did not prove his case. This is also erroneous because the jury found liability and damages in favor of Humphrey. The district court speculated that maybe it was based on Humphrey's testimony that Crea kicked him in the head with his boot. This is also erroneous because if the jury credited Humphrey's account of events, even in part, the jury would not have singled out Rivera as the only person who witnessed the excessive force. The jury found that Rivera witnessed the excessive force. Rivera testified, and I'll call your attention to joint appendix 115 to 116, transcript pages 567 to 572. Rivera testified that he was right there when the incident happened. He saw Crea on top of Humphrey. He saw he did not see Humphrey strike Crea. And he saw Crea strike Humphrey. And then he assisted in handcuffing Humphrey. Crea testified that he was 270 pounds. That's joint appendix 154 transcript to 75. That he struck Humphrey in the face with a hammer strike and an elbow. Crea admitted to causing the facial injuries and that he saw blood after striking Humphrey. The only witness to singularly put himself at the scene when Crea struck Humphrey was Rivera, which explains the jury finding that only Rivera witnessed the excessive force. The medical bills were undisputed and uncontroverted as it pertained to Darnell Humphrey's facial injuries. As a result, they should have been included in the award or they should have been added by the district court in response to my post-trial motion. It is likely that the jury confused the role of insurance and failed to award the medical bills based on this misapprehension. And I base this opinion on the first jury question, that's that joint appendix 168. The award of $38,000, your honors, was grossly inadequate to compensate Mr. Humphrey for his life-changing injury. So based on this argument and the arguments and authority in my brief, your honors, Mr. Humphrey is asking the court to reverse the district court and award the medical bills. Or in the alternative, award a new trial and so with the court's permission, I would like to reserve and balance my time for rebuttal. Thank you very much, counsel. Judge Parker, any questions? Just one question. It appears here that the jury may have done some compromises back in the jury room, which happens all the time. I'm sorry, your honor. Wouldn't you agree that that's essentially what went on here? That's a great question, your honor. I'm happy to address the issue of compromise. To bluntly answer your question, I don't agree that it was a compromise. I think there's no question of the source of Mr. Humphrey's injuries. There's no question of the extent of his injuries. In some of these cases that we see where a court does find a compromise and the appellate court upholds a compromise, you'll see juries explicitly indicate like they can't reach a decision on liability. Or in also a lot of the cases that I reviewed, your honors, they're nominal damages case. And here we have a case where the jury awarded Mr. Humphrey $70,000. And I think that that's evidence of a lack of a compromise on liability. Well, you could have easily had a situation where one juror said, I'm just very pleased officers. They're misunderstood. But at the end of the day, I'll go along with the finding of liability, but I will never go along with a monetary verdict over such and such dollars. I mean, that happens all the time. We don't know, but it's well within the reason of rational speculation, isn't it? Well, I suppose it's possible, your honor, but I don't think that there are any indicators here, in my opinion, that would suggest a compromise. One minute. You never have indicators of compromise because we don't know what the jury discussed. Do we? I suppose my response to that, your honor, would be the fact that they awarded him $70,000 would be evidence of a lack of a compromise, and that they found liability would also be evidence of a lack of compromise. But you said they should have awarded more. Yes, but it's not a nominal damages case, I suppose, is the point I'm trying to emphasize. I value this case dramatically higher, and I think that the $38,000 that Mr. Humphrey received was grossly inadequate. Thank you. Judge Park, any questions? Yeah, thanks. I thought that Humphrey testified that Officer Cray had not caused the eye injury, and I guess in any event, whether that's the case or not, couldn't the jury have found that he used excessive force initially, but that the other more serious injuries that resulted in the medical bills were caused by others, or it was unclear, and so they couldn't have reached that. I mean, we're obligated to try to harmonize the verdict with the damages, and it just seems that there is a possibility that that's sort of, like Judge Parker was saying, there's a lot of uncertainty about what the jurors might have agreed on and might not have agreed on in terms of who did what, and so why isn't one of those alternative scenarios a possibility? Well, Mr. Humphrey did testify. His accounting of events was very different from Sergeant Cray's accounting of events. Mr. Humphrey had testified that he walked to his car. The police officers approached him. They wanted to search his car. Someone indicated they found something. While Mr. Humphrey was sitting on the curb, Sergeant Cray had said, I like it when they try to run. Sergeant Cray had tried to tackle him, but was unsuccessful, and Mr. Humphrey did not fall, but Sergeant Cray did fall. He testified that at that point, someone struck him from the right of his face with a blunt object. He fell down. He was kicked, and he was kicked by, one of the people that kicked him that he saw was Sergeant Cray. The jury's findings don't align with Humphrey's accounts of events. They do, however, align with Rivera's accounts of events. I hate to use the word clearly, Your Honors, but very clearly. Namely, that Rivera testified he witnessed it, and Cray admitted to inflicting the injuries. Based on those pieces of evidence, I don't think the conclusion, and I think you have to conclude the jury credited Rivera's testimony in rendering a verdict on liability and damage. Okay, so your conclusion here is based on the jury's crediting Rivera's testimony of what happened. Right, and I'm making that conclusion based on the verdict interrogatories. I would also like to sort of add that just Rivera's account alone is excessive force. I mean, Rivera testified that Cray was on his back. He was supine. I mean, sorry, Humphrey was on his back. He was supine. Cray was on top of him. Rivera was right there, and Humphrey was not defending himself, and Cray struck him. That in and of itself is excessive force. Okay, thank you. I hope I answered your question, Your Honor. Thank you. Now, I have just some clerical questions, really. You're not challenging the district court's attorney's fee award. Is that right? That's right. And you're not challenging the district court's decision to grant the defendant's post-trial motion, the one that set aside the punitive damage to the defendant, and you're not challenging the district court's decision to grant the defendant the damages award and set aside the damages award against Rivera. Correct, but I would like to sort of elaborate a little bit. It set aside the award against Rivera, but it kind of mooted the punitive damages because under Connecticut law, Connecticut law claim, it sort of absorbed into the Lodestar. But I do want to make certain that we have a clear indication on the record that you're not appealing the post-trial motion that set aside the punitive damages award, and also you're not challenging the motion to the extent that it set aside the damages award against Rivera. That's correct. Those are not in the first appeal. Okay, great. I just wanted to make sure we understood that. Thanks very much. Let's hear from Mr. Mangachi. Thank you very much, Your Honor. May it please the court. The trial court clearly did not abuse its discretion in denying Mr. Humphrey's motion, either for altering the judgment or for a new trial limited to damages. The plaintiff's argument is, in essence, that since the jury found that Officer Crea at some point engaged in excessive force, that it necessarily follows that that force was the force that caused the injury to his eye, which is the injury for which medical expenses were introduced into evidence as the economic damage piece of the claim. However, as pointed out by Judge Meyer in his decision, the jury very well could have found that there were other uses of force by Officer Crea that did not make his actions subject to liability, including, as Judge Meyer pointed out, the tackling of Mr. Humphrey. But before even addressing whether or not the court could have concluded that there were other options, the evidence is clear in the record that Mr. Humphrey testified that the injuries to his eye for which he claims these medical expenses were brought about by having received two blows to his head with a hard object, the second of which Mr. Humphrey claims caused the injury to his eye. He testified that Officer Crea did not strike him with either of those blows, but rather that Officer Crea subsequently kicked him in the forehead, resulting in a gash in his forehead. So the jury could clearly have found, among other evidence, that Mr. Humphrey's own admission that he was not injured in the condition of his eye as a result of anything that Officer Crea did. Further, even if Officer Crea did strike the plaintiff in the face and cause the eye injury, the jury could have concluded that under the circumstances, the actions of Officer Crea at that point were objectively reasonable, because the jury had before it, as counsel for Mr. Humphrey pointed out, a very conflicting testimony as to how this event occurred, including the fact that Mr. Humphrey was resisting arrest, was intoxicated, and a number of other reasons why Officer Crea's actions, even in striking him as he did, was objectively reasonable. So therefore, the jury did not necessarily have to find that even if they believed that he was by Officer Crea was unreasonable in any respect. Further, I'd like to point out that counsel referenced the fact that, both in his brief and here today in oral argument, that Officer Crea admitted to causing the facial injury. That is just not correct. Direct the court's attention to the citation by the plaintiff's counsel in his brief to the appendix, page 145, in which Officer Crea simply acknowledges that the injury to Mr. Humphrey had to be serious enough that he was taken to the hospital, but the seriousness of the injury, he was unaware. And also that he did admit to striking him, but never said that his strike is what caused the injury to his eye. So Officer Crea never admitted that anything he did resulted in the injury. Alternatively, the jury could certainly have found, number one, that the plaintiff didn't prove his case with regard to excessive force by Officer Crea as it related to any contact that Officer Crea had with the plaintiffs, save for two possible incidents. One, as referred to in the opinion by Judge Meyer, is that the testimony of Mr. Humphrey is that there came a point in time where he stood with his hands up in the air, followed by Officer Crea tackling him to the ground. As Judge Meyer pointed out, the jury may very well have believed that Mr. Humphrey, in fact, raised his hands in a manifestation of surrendering and complying with the officer, and that in reaction to that, it was objectively unreasonable for Officer Crea to tackle him to the ground. What is more consistent, if it please the court, is the testimony of Mr. Humphrey that while he was lying on the ground, Officer Crea allegedly kicked him in the forehead, resulting in a gash to his forehead. That would be a basis for the jury to have concluded that there was excessive force. Now, if the jury so concluded that either the tackling and or the kicking in the forehead was the excessive force, there was no evidence from which the jury could any medical expenses or any form of economic damages that would be causally related to either being tackled or being kicked in the forehead. As a matter of fact, the medical records from St. Mary's Hospital, where he was taken, have absolutely no reference whatsoever to an injury to the forehead or a gash in the forehead or a laceration to the forehead. It simply notes that the injury to the eye socket and abrasions about the face. So there's absolutely no evidence that even if the jury found that the excessive force was kicking him in the forehead and causing a gash, there is no medical evidence of causality to show that there was any expense incurred as a result of that. Now, as to the intentional infliction of emotional distress, for which the jury awarded damages in this case, the jury could very well have found that kicking a man while he was on the ground for no apparent reason was not only excessive force, but constituted an intentional infliction of emotional distress, for which the jury went on to award non-economic damages of $38,000. So based upon the entire record in this case, it is not at all incompatible with the evidence that the jury could have found that Officer Crea had engaged in excessive force, that that excessive force resulted in either a gash and or tackling to the ground when he shouldn't have tackled to the ground, and they compensated him to the extent of $38,000 in economic damages. In all likelihood, concluded that based upon the plaintiff's own admission and the lack of any proof that the blows to the head, which purportedly caused the injury to the eye, came from Officer Crea, the jury was left to speculate as to which of the other three officers that were defendants in this case and on the scene may have been responsible for the blows to the head with the hard object that the plaintiff himself claims was the cause of the injury, which is the basis for the medical expenses that are being claimed at this particular point in time. One minute. The trial court was clearly within its authority and clearly did not abuse its discretion in not granting the plaintiff's motion to alter the judgment or to return this case or to allow for a new trial limited to damages only. Thank you very much. Thank you very much. And Judge Parker, any questions? No questions. Thank you, Judge Park. No questions. Thanks. Thanks. Well, we'll reserve decision and we'll turn to the next case on our day calendar. Number 19-3568, Secured Asset Management LLC versus Congregation Beth Joseph, etc. We'll hear from Attorney Paul Allo. Oh, I'm sorry. I'm sorry. The chorus had reserved some time. Is that the question? It's low. This is Judge Cabrera's. Hello? Yes, I'm still turning Corey's still here, Your Honor. Right. And he reserved some time, right? I did. It's turning Benghazi still on the line. I am. Yes, I am, Your Honor. Your Honor, this is Paul. I apologize. We hit we had we we thought we hit the unmute button and we accidentally cut the call. No, no, it's it was my fault. I should I had neglected to give Mr. Corey's his two minutes in rebuttal. Go ahead, Mr. Corey's. Thank you, Your Honor. And I may even be less than two minutes in making the assertion that the excessive force finding relates to facial injuries. I'm primarily relying on the verdict finding Rivera witnesses. And when you consider all the other possible scenarios, none of them are compatible with that particular finding, namely the kicking in the head, there's no testimony that only Rivera witnessed that. Mr. Humphrey testified that all the officers were around him. That's not it doesn't align with that particular. The verdict does not align with that particular scenario. The tackling, whether you view the tackling through Mr. Humphrey's account, which is that he was standing there, Sergeant Cray had tried to tackle him and then Cray fell. Mr. Humphrey did not fall. That's what he testified to. Or that you do the tackle through Sergeant Cray's account, which was that he tried to tackle him and Mr. Humphrey had dragged him 20 feet. Again, it's not compatible with the verdict. The jury finding that Rivera had witnessed the excessive force. The only scenario that makes sense is the scenario that Officer Rivera testified to, which is that he arrived on scene, Mr. Humphrey was on his back, and Sergeant Cray hit him in the face. Now Sergeant Cray testified a hammer strike struck him and elbowed him in the face and that there was blood. It's evident that that caused injuries because a 270 pound man on top of him while Mr. Humphrey's on the ground gave him an elbow to the face. There's no other cause for a blowout of his orbital socket other than that particular injury. So I'd ask the court to please consider the verdict interrogatory in trying to discern that the excessive force was connected to the eye injury. Thank you. Thanks, Mr. Corries. Now we can take this matter from the submission.